IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JUDY ENDERS/MADEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 05-669-SLR |
| v. | ) | |
| | ) | |
| SUPER FRESH, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO EXTEND TIME TO ANSWER,
RESPOND, OR OTHERWISE PLEAD TO PLAINTIFF'S COMPLAINT**

Defendant Super Fresh ("Super Fresh") hereby moves for an extension of time by which it must file and serve an answer, respond, or otherwise plead in response to Plaintiff's Complaint in the above-referenced action. In support of its motion, Defendant states the following:

1.      On or around September 14, 2005, Plaintiff, who is proceeding *pro se*, filed a complaint against Defendant alleging a violation of Title VII of the Civil Rights Act of 1964. (D.I. 2).

2.      Defendant was served with the Complaint on January 31, 2006. (D.I. 5).

3.      Plaintiff's Complaint alleges that Plaintiff was unlawfully terminated based on her sex. (D.I. 2).

4.      The undersigned was retained as local counsel in the above-referenced matter during the course of the week of February 1, 2006.

5.      Defendant intends to fully defend the claims asserted in Plaintiff's Complaint.

6.      Defendants have meritorious defenses, which they intend to assert. See U.S. v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984) (a "meritorious

defense" is one that makes allegations which, if established at trial, would constitute a complete defense to the action."). An extension will permit Defendant time to assert such defenses and, therefore, allowing Defendant to postpone the filing of its answer, or other response or pleading, until March 7, 2006, will serve the interests of justice and judicial economy by narrowing or eliminating certain issues.

7.    For example, Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff's Complaint asserts a Title VII action, but fails to allege any protected activity under which Plaintiff could avail herself to the protections of the Civil Rights Act.

8.    Additionally, Plaintiff's claim is subject to various affirmative defenses, including the *Ellerth-Faragher* defense wherein Plaintiff's unreasonable failure to avoid harm, coupled with Defendant's implementation and application of preventative and corrective measures bars Plaintiff's claim.

9.    Plaintiff will not be prejudiced by extending the time within which Defendant must answer, respond, or otherwise plead, since the matter has only recently been instituted and discovery has not yet begun.

10.    In an attempt to reach agreement with Plaintiff, as the *pro se* opposing attorney, on the matters set forth in the Motion, corresponding counsel has made repeated attempts to contact Plaintiff at the contact number listed on Plaintiff's Complaint. Defendant's counsel has left messages for Plaintiff at her home phone number. Defendant's counsel's phone messages have gone unreturned. As a result, Defendant's counsel has not been able to ascertain Plaintiff's position on the present Motion.

DB02:5111009.1                                                                                                    900002.0005

WHEREFORE, Defendant respectfully requests the Court to enter the proposed order attached.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Margaret M. DiBianca
William W. Bowser, Esquire (Bar I.D. 2239)
Margaret M. DiBianca (Bar I.D. 4539)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
Telephone: (302) 571-6601, 5008
Facsimile: (302) 576-3282, 3476
wbowser@ycst.com; mdibianca@ycst.com
Attorneys for Defendant Super Fresh Markets, Inc.

DATED:    February 15, 2006

DB02:5111009 1                                                                   900002 0005