IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JUDY ENDERS/MADEN,　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　Plaintiff,　　　)
　　　　　　　　　　　　　　　　　)　　C.A. No. 05-669-JJF
　　　v.　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
SUPER FRESH,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　Defendant.　　　)

## DEFENDANT'S FIRST SET OF INTERROGATORIES
## DIRECTED TO PLAINTIFF

**PLEASE TAKE NOTICE** that, pursuant to Rule 33 of the Federal Rules of Civil Procedure ("F.R.C.P."), Defendant Superfresh Food Markets, Inc. ("Defendant"), hereby requests that Plaintiff Judy Enders-Maden ("Plaintiff") answer the following interrogatories in accordance with the instructions set forth below. The interrogatory answers should be served on Defendant's attorneys at Young, Conaway, Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware 19899-0391 within 30 days of receipt.

## INSTRUCTIONS

A.　　In answering these interrogatories, furnish all information available to you, including information in the possession of your attorneys (if any), or their investigators, and all persons acting on your behalf. Responses should not be limited to your personal knowledge. If you cannot answer any interrogatory in full after exercising due diligence to secure the information sought, so state and answer to the extent possible, specifying the reason(s) for your inability to respond to the remainder, and providing whatever information or knowledge that you have concerning the portions not answered.

B.     Pursuant to F.R.C.P. 26(e), the interrogatories which follow are to be considered as continuing, and you are requested to provide, by way of supplementary answers thereto, such additional information as you or any person acting on your behalf may hereafter obtain which may augment or otherwise modify the answers now given to the interrogatories below.

C.     Each interrogatory and each subpart of each interrogatory shall be accorded a separate answer. Each answer shall first set forth verbatim the interrogatory to which it is responsive. Interrogatory or subparts thereof shall not be combined for the purpose of supplying a common answer thereto. The answer to an interrogatory or a subpart thereof shall not be supplied by referring to the answer to another interrogatory or subpart thereof, unless the interrogatory or subpart referred to supplies a complete and accurate answer to the interrogatory or subpart thereof being answered.

D.     Where an objection is made to any interrogatory, or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived.

E.     Where a claim of privilege is asserted in objecting to any interrogatory, or subpart thereof, and an answer is not provided on the basis of such assertion, the attorney asserting the privilege shall in the objection to the interrogatory, or subpart thereof, identify the nature of the privilege (including work product) that is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked; and the following information shall be provided in the objection, unless divulgence of such information

2

would cause disclosure of the allegedly privileged information for documents: (1) the type of document; (2) general subject matter of the document; (3) the date of the document; (4) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and addressee to each other; for oral communications: (a) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (b) the date and place of communication; (c) the general subject matter of the communication.

F.    Pursuant to F.R.C.P. 26(e), a party is under a duty seasonably to supplement her response with respect to any question directly addressed to (i) the identity and location of persons having knowledge of discoverable matters, and (ii) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he/she is expected to testify, and the substance of his or her testimony.

G.    A party is under a duty seasonably to amend a prior response if she obtains information upon the basis of which (i) she knows that the response was incorrect when made, or (ii) she knows that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.

H.    Identify each person who assisted or participated in preparing and/or supplying any of the information given in response to or relied upon in preparing answers to these interrogatories.

3

## DEFINITIONS

A.    The term "Defendant" shall mean and include Defendant Superfresh Food Markets, Inc., its subsidiaries, affiliates, divisions, present and former officers, agents, employees, attorneys and representatives, and all other persons acting for or on behalf of Defendant.

B.    "Document" or "documents" means the original and any identical or non-identical copy, regardless of origin or location, of any writing or record of any type or description, including, but not limited to, the original and any copy of any book, pamphlet, periodical, letter, e-mail, memorandum, telegram, report, record, study, handwritten or other note, working paper, chart, paper, graph, index, tape, disc, data sheet or data processing card, correspondence, table, analysis, schedule, diary, message (including, but not limited to, reports of telephone conversations or conferences), magazine, booklet, circular, bulletin, instruction, minutes, other communication (including interoffice or intraoffice communications), purchase order, bill of lading, bid tabulation, questionnaire, survey, contract, option to purchase, memorandum of agreement, assignment, license, book of account, order invoice, statement, bill (including, but not limited to, telephone bills) check, voucher, notebook, film, photograph, photographic negative, phonorecord, tape recording, wire recording, transcript of recordings, drawing, catalogue, brochure, any other data compilations from which information can be obtained and translated if necessary, or any other written, recorded, transcribed, punched, taped, filed or graphic matter, however produced or reproduced, to which Plaintiff has or has had access.

4

C.     The term "Complaint" shall mean the Complaint and Jury Demand filed on behalf of Judy Enders-Maden in the United States District Court for the District of Delaware, bearing Docket No. 05-CV-669.

D.     Where a "date" is requested, it shall mean to provide the exact day, month and year; if such information cannot be ascertained, it shall mean to the best approximation.

5

## **INTERROGATORIES**

1.    State your full name, date of birth and social security number.

2.    State your educational background and academic degrees obtained. If you are currently working toward a degree, identify the degree sought and progress made toward completion of the requirements for that degree. As to each item listed in the answer to this interrogatory, set forth the dates and/or years of same, as well as the names and addresses of each institution attended.

3.    With respect to your employment history prior to or contemporaneous with your employment at Defendant, state the identity of such employers and the dates during which you were employed by each.

064808 1002

4.      State whether you have ever been terminated, asked to resign, suspended or otherwise disciplined at any time with regard to employment and, if so, state with respect to each instance of discipline the identity of the employer for whom you worked at the time of your discipline and the reason given by your employer for the discipline.

9

064808 1002

5.    Identify each position/job title you held with Defendant.

6.      With respect to your claim for damages, state the identity of each place you were employed subsequent to your employment with Defendant including, but not limited to, your present employment, the date employment commenced at each place of employment, the duration of that employment, your job title, duties and responsibilities, your immediate supervisor at each place of employment, your rate of pay upon commencement of each period of employment, and the date and amount of increases in that rate of pay while so employed, and any fringe benefits, bonuses, commissions, insurance and expense reimbursements.

DB02:5387913 1

064808 1002

7.     From 2002 to the present, identify the monetary value of all forms of compensation received by you from any source, including, although not by way of limitation, income earned while operating a business or as a partner in a partnership, unemployment compensation, workers' compensation, severance pay, deferred wages, medical payments or benefits, vacation pay, pension benefits, social security benefits and disability benefits, in addition to compensation from each employer identified in response to Interrogatory No. 6 above including, although not by way of limitation, any fringe benefits, bonuses, commissions, insurance and expense reimbursements and the reason for the termination of each period of employment.

DB02:5387913 1

064808 1002

8. With the exception of the Complaint in this matter, state whether you have ever been a party to any judicial or administrative proceeding, and, if so, identify the nature of such proceeding and your participation therein, the date of filing and docket number of each such proceeding, attaching a copy of each such charge, proceeding or complaint to your answers to these interrogatories, and the present status of each such proceeding and, if the same has been disposed of, the disposition thereof.

      9.     Identify each person having any knowledge relevant to the subject matter of this litigation.  As to each such person so identified, describe fully his or her knowledge.

10.    Identify all documents belonging to Defendant that Plaintiff has in her possession and/or has given to her attorney (if any) or any other person or entity.

064808 1002

11.    Identify all statements, summaries, notes or other documents that relate to, confirm or contain information or facts known to, or believed to be known to, each person or witness that Plaintiff believes has knowledge that supports, rebuts, relates or is otherwise relevant to her claims or the defenses of Defendant in this matter.

16

12.    Identify all persons with knowledge of and all documents that concern Plaintiff's claims that she suffered financial harm due to any act(s) of Defendant including, but not limited to, documents identifying, stating or showing the amount of money damages sought and how that amount was calculated.

13.    Identify all persons with knowledge of and all documents that concern Plaintiff's alleged damages, including, if applicable, any emotional distress, mental anguish, humiliation, embarrassment, and uninsured medical expenses, including, but not limited to, documents identifying, stating or showing the amount of damages sought and those showing how that amount was calculated.

14.    Identify all persons with knowledge of and all documents that relate to any treatment, therapy, diagnosis, prognosis and/or consultation accorded Plaintiff by any health care provider, doctor, psychologist, psychiatrist, counselor, social worker, medical group and/or therapist, including prescriptions, receipts for the purchase of medications, check stubs, invoices or receipts for treatment, or therapy, charts, reports, and the name and office address of any such health care provider, doctor, psychologist, counselor, social worker, medical group and/or therapist, for any physical, mental, emotional or medical condition, emotional or mental distress, concern or condition during the period beginning 2002 to the present.

19

15.    Identify all medications you have taken between 2002 and the present, including, but not limited to, dosage and strengths of the medications.

DB02:5387913 1                                                                064808 1002

16.    During your employment with Defendant and thereafter, identify each potential employer that you contacted, each job that you applied for and each employment agency that you contacted.

DB02:5387913 1                                                          064808 1002

17.    Identify each expert with whom you have consulted and/or retained for purposes of this lawsuit for any period of time and the subject matter of each such person's area of expertise.

064808 1002

18.    If in response to any interrogatory you have refused to disclose any information or the identity of any person, document or oral communication because of a claim of confidentiality or privilege, set forth in detail the facts and circumstances upon which you rely to support such claims.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____

William W. Bowser, Esquire (Bar I.D. 2239)
Margaret M. DiBianca, Esquire (Bar I.D. 4539)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6601, 5008
Facsimile :  (302) 576-3282, 3476
wbowser@ycst.com; mdibianca@ycst.com

**OF COUNSEL**
PROSKAUER ROSE LLP
John P. Barry, Esq. (JPB-6489)
One Newark Center, 18th Floor
Newark, New Jersey 07102
973.274.3200
973.274.3299
jbarry@prosauker.com
Attorneys for Defendant


DATED:      June 26, 2006