IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JUDY ENDERS/MADEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 05-669-JJF |
| v. | ) | |
| | ) | |
| SUPER FRESH, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF

**PLEASE TAKE NOTICE** that, pursuant to Rule 34 of the Federal Rules of Civil Procedure ("F.R.C.P."), Defendant, Superfresh Food Markets, Inc. ("Defendant"), hereby requests that Plaintiff, Judy Enders-Maden ("Plaintiff") produce for inspection and copying the following documents in her possession, custody or control, in accordance with the following definitions and instructions. The production of said documents shall take place at the offices of Young, Conaway, Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware 19899-0291 on or before 30 days from your receipt hereof. Plaintiff is further requested, pursuant to Rule 34, to organize and label the documents set forth below to correspond with the categories of documents set forth in this request.

### DEFINITIONS AND INSTRUCTIONS

As used herein, the following terms shall have the meanings indicated below:

A.     "Document" or "documents" means the original and any identical or non-identical copy, regardless of origin or location, of any writing or record of any type or description, including, but not limited to, the original and any copy of any book,

DB02:5387914 1

064808 1002

pamphlet, periodical, letter, e-mail, memorandum, telegram, report, record, study, handwritten or other note, working paper, chart, paper, graph, index, tape, disc, data sheet or data processing card, correspondence, table, analysis, schedule, diary, message (including, but not limited to, reports of telephone conversations or conferences), magazine, booklet, circular, bulletin, instruction, minutes, other communication (including interoffice or intraoffice communications), purchase order, bill of lading, bid tabulation, questionnaire, survey, contract, option to purchase, memorandum of agreement, assignment, license, book of account, order, invoice, statement, bills (including, but not limited to, telephone bills), check, voucher, notebook, film, photograph, photographic negative, phonorecord, tape recording, wire recording, transcript of recordings, drawing, catalogue, brochure, any other data compilations from which information can be obtained and translated if necessary, or any other written, recorded, transcribed, punched, taped, filed or graphic matter, however produced or reproduced, to which plaintiff has or has had access.

  B. "Employment" includes any job, position, function or responsibility for which Plaintiff received or would expect to receive compensation, including consulting, advising and self-employment.

  C. The term "Complaint" shall mean the Complaint and Jury Demand filed on behalf of Judy Enders-Maden in the United States District Court District of Delaware, bearing Docket No. 05-CV-669.

  D. All requested documents in Plaintiff's possession, custody or control are to be produced. This includes documents in the possession, custody or control of Plaintiff's attorneys, any third party or parties to whom Plaintiff has surrendered

2

possession, custody or control of documents, anyone acting on Plaintiff's behalf, anyone who has otherwise obtained possession, custody or control of documents, or anyone who, upon request, would surrender possession, custody or control of documents to Plaintiff.

E.    In the event that any document responsive to these requests is withheld pursuant to a claim of attorney-client privilege, work-product privilege, immunity or other such basis, Plaintiff is requested to specify the basis for nonproduction of the information or document, the date of the preparation or transmission of the information or document, its generic description (e.g., letter, memorandum, etc.), the identity of all persons who prepared and received the information or document, and its general subject matter.

F.    Each request herein for documents to be produced contemplates production of the document in its entirety, without abbreviation or expurgation. If Plaintiff is unable to produce a complete version of a document, she is to state so in writing and to produce whatever portion of said document that she is able to produce, specifying her inability to produce the remaining portion of said document, and stating whatever information or knowledge she has concerning the document(s) she is unable to produce, including, but not limited to, the content of such document. If any such document was, but is no longer in her possession, custody or control, she must state the disposition that was made of it, the individual or entity currently in possession of the document, and the reason for such disposition.

G.    In the event that any document called for by this request has been destroyed, that document is to be identified in writing as follows: addressor, addressee, indicated or blind copies, date, subject matter, number of pages, attachments, exhibits or

3

appendices, all persons to whom distributed, shown, explained or discussed, date of destruction, manner of destruction, person who authorized destruction, and person who destroyed the document.

      H.    This request shall be deemed to be continuing in nature, so as to require further and supplemental production if Plaintiff discovers, receives or generates additional responsive documents between the time of original production and the time of trial.

      I.    Unless otherwise specified, the requests set forth below apply to documents created or dated from 1999 through the present.

      J.    Attached hereto as Exhibit A is an Authorization and Request for Pharmaceutical and Medical Records. Please fill out and sign one copy of this form for each pharmacy and medical provider used or visited by Plaintiff, and return to Defendant's counsel.

## DOCUMENT REQUESTS

1.    All documents or tangible things which refer or relate in any way to any offers of employment made by Defendant to Plaintiff.

2.    All documents or tangible things which refer or relate in any way to the terms and conditions of Plaintiff's employment with Defendant.

3.    All documents or tangible things which refer or relate in any way to the evaluation, formal or informal, of Plaintiff's work as an employee of Defendant.

4

4.      Notes, memoranda, diaries, calendars, logs, e-mails, records, tape recordings, answering machine tapes, computer files, videotapes and similar documents which contain Plaintiff's records, notes, descriptions or thoughts concerning her work assignments, responsibilities, transfers, discipline, work environment, relationship to her superiors, peers and subordinates and any other aspect of her employment with Defendant.

5.      All appointment books, diaries, timesheets and calendars used and maintained in paper or electronic format by, or on behalf of, Plaintiff from 2000 to the present.

6.      All documents or tangible things which refer or relate in any way to the separation of Plaintiff's employment from Defendant.

7.      All documents concerning Plaintiff's reasons for the separation of her employment from Defendant.

8.      All documents concerning Plaintiff's attempts to obtain employment subsequent to the separation of her employment with Defendant, and all such materials reflecting the results of such efforts, including, but not limited to:

> a.      correspondence between Plaintiff and employment agencies;
>
> b.      resumes, applications or background information forms, whether submitted to an employment agency or a potential employer;

    c.    correspondence between Plaintiff and potential employers;

    d.    contracts of employment;

    e.    offers of employment; and

    f.    rejection of applications for employment.

9.    All documents or tangible things which refer or relate to the terms and conditions of any job held by Plaintiff subsequent to the separation of her employment with Defendant.

10.    All documents concerning Plaintiff's attempts to obtain employment during her employment with Defendant and before the separation of her employment with Defendant, and all such materials reflecting the results of such efforts, including, but not limited to:

    a.    correspondence between Plaintiff and employment agencies;

    b.    resumes, applications or background information forms, whether submitted to an employment agency or a potential employer;

    c.    correspondence between Plaintiff and potential employers;

    d.    contracts of employment;

    e.    offers of employment; and

    f.    rejection of applications for employment.

11.    All documents or tangible things which refer or relate to the terms and conditions of any job held by Plaintiff contemporaneous with her employment with Defendant.

6

12.    All documents relating to Plaintiff's income, compensation and benefits subsequent to or contemporaneous with her employment at Defendant, including, but not limited to, Plaintiff's salary reviews, bonus letters, bonus pay stubs and salary pay stubs.

13.    Copies of all federal, state and local income tax returns (including all schedules, forms, statements and exhibits) and all paycheck stubs, W-2 Forms, and/or Form 1099s, and all documents which reflect Plaintiff's receipt of income from 2002 through the present.

14.    Complaints, charges, petitions, written submissions, supporting papers or other documents filed by Plaintiff or any of her agents or attorneys on her behalf in any judicial or administrative forum relating to Plaintiff's employment with Defendant.

15.    Findings of fact, decisions, hearing transcripts, notices or rulings made by any judicial or administrative officer with respect to complaints or claims filed by Plaintiff or her agents or attorneys.

16.    All pleadings, motions, supporting memoranda, correspondence and other documents arising out of or in connection with complaints, charges, petitions or other litigation where Plaintiff was a party in any judicial or administrative forum.

17.    All documents concerning Plaintiff's claim that she was terminated on the basis of her gender as set forth in the Complaint.

DB02:5387914 1                                                                064808 1002

18.    All documents concerning Plaintiff's allegations in the Complaint of "yelling, screaming, denying the right of full-time employment as is given to all men."

19.    All documents concerning Plaintiff's allegations in the Complaint that she was "forced to tolerate my boss and feeling breast and rear end."

20.    All documents concerning Plaintiff's allegations in the Complaint that there were was a "schedule preference to men. Repeatedly scheduling me when day care was closed. Even though my boss was given timely notice."

21.    All documents related to damages, loss of earnings, earning capacity and/or benefits as a result of Defendant's alleged conduct as set forth in the Complaint.

22.    All documents concerning any treatment, therapy, diagnosis, prognosis and/or consultation accorded Plaintiff by any health care provider, doctor, psychologist, psychiatrist, counselor, social worker, medical group and/or therapist, including prescriptions, receipts for the purchase of medications, check stubs, invoices or receipts for treatment, or therapy, charts, reports, and the name and office address of any such health care provider, doctor, psychologist, counselor, social worker, medical group and/or therapist, for any physical, mental, emotional or medical condition, emotional or mental distress, concern or condition during the period beginning in 1999 to present. In addition, Plaintiff is to provide standard medical information release authorizations, a form of

8

064808 1002

which is attached as Exhibit A, for the release of medical records maintained by any health care provider with whom plaintiff has consulted since January 1, 1999.

23.    All documents concerning any medications Plaintiff has taken between 1999 and the present.

24.    All documents not previously requested that contain or describe Defendant's policies or practices.

25.    All complaints, charges or written submissions filed by Plaintiff with Defendant or any employee of Defendant pertaining to the allegations contained in the Complaint.

26.    All documents, including, but not limited to, tape recordings and e-mails, containing, describing or relevant to communications (whether oral or written) between Plaintiff and any officer, employee or agent of Defendant that refer or relate in any way to the allegations contained in the Complaint.

27.    All documents not previously requested concerning Plaintiff's allegations against Defendant.

28.    All documents not previously requested or produced above concerning Plaintiff's employment with Defendant.

9

064808 1002

29.     All documents concerning each and every person whom Plaintiff will call, may call, or expect to call as an expert witness at the trial of this matter, including, but not limited to, all expert reports, drafts and documents prepared by or provided to any expert witness(es) in this case.

30.     All documents used or relied upon by Plaintiff in responding to Defendant's First Set of Interrogatories.

31.     All documents concerning Plaintiff's claim for attorneys' fees, including documents setting forth a fee arrangement between Plaintiff and her attorney(s) in this matter.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
William W. Bowser, Esquire (Bar I.D. 2239)
Margaret M. DiBianca, Esquire (Bar I.D. 4539)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6601, 5008
Facsimile :  (302) 576-3282, 3476
wbowser@ycst.com; mdibianca@ycst.com

**OF COUNSEL**
PROSKAUER ROSE LLP
John P. Barry, Esq. (JPB-6489)
One Newark Center, 18th Floor
Newark, New Jersey 07102
973.274.3200
973.274.3299
jbarry@prosauker.com
Attorneys for Defendant

DATED:     June 26, 2006

DB02:5387914.1                                                                                               064808.1002

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

JUDY ENDERS-MADEN,

        Plaintiff,

        v.

SUPERFRESH FOOD MARKETS, INC.,

        Defendant.

CIVIL ACTION NO. 05-CV-669-JJF

**AUTHORIZATION AND REQUEST FOR PHARMACEUTICAL AND MEDICAL RECORDS**

TO: _____
      _____
      _____

Pursuant to the requirements of the applicable federal and state law, including but not limited to, the Health Insurance Portability and Accountability Act, authorization is hereby given for you to furnish to **John P. Barry, Esq., Proskauer Rose LLP, One Newark Center, 18th Floor, Newark, New Jersey 07102**, or his designee in the above action, copies of the records in your custody pertaining to my care, including, but not limited to:

> records maintained by you and/or your office relating to any treatment, services, therapy and/or counseling, and documents concerning conversations, counseling sessions, diagnoses, symptoms, billing and accounting information, appointments, medical prescriptions, medical tests conducted and the results thereof, records of referral to other physicians, health care practitioners or counselors and reports or records relating thereto, handwritten and typed notes and reports, x-rays, invoices, lab reports, diagnostic tests, studies, examinations and any other documents and information acquired or created by you in attending to me in a professional capacity.

I have the right to revoke this authorization, in writing, at any time by sending notification to you.

A revocation will prevent you from further use or disclosure of my protected health information, but it will not retract the uses or disclosures that have already been made pursuant to the authorization. Revocations will not be effective to the extent that you have taken action based on the authorization.

DB02:5387914.1

064808.1002

The protected health information used or disclosed pursuant to this authorization may be re-disclosed by the recipient and may no longer be protected by federal or state law.

I have the right to refuse to sign this authorization.

I have the right to inspect and copy the protected health information covered by this authorization.

This authorization will remain effective until June 1, 2007.

By signing below I acknowledge that I have read and understand my rights relating to this authorization for the use and disclosure of my protected health information.

_____

Judy Enders-Maden

SSN: _____

Should you have any questions, please call the attorney for Defendant: John P. Barry, Esq., Proskauer Rose LLP (973) 274-3200.

064808 1002