IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JUDY ENDERS/MADEN,

PLAINTIFF,

v.                          C.A. NO. 05-669-JJF

SUPER FRESH,

DEFENDANT



PLAINTIFF'S FIRST SET OF INTERROGATORIES
DIRECTED TO DEFENDANT

PLEASE TAKE NOTE THAT, PERSUANT TO RULES OF FEDERAL RULES OF
CIVIL PROCEDURE, PLAINTIFF JUDY ENDERS/MADEN (PLAINTIFF), HEREY
REQUEST THAT DEFENDANT SUPERFRESH (DEFENDANT) ANSWER THE
FOLLOWING INTEROGATORIES IN ACCIORDANCE WITH THE INSTRUCTIONS
SET FORTH BELOW. THE INTERROGATORY ANSWERS SHOULD BE SERVED
ON PLAINTIFFS ADDRESS JUDY ENDERS/MADEN
1 LAUREL AVE. WILMINGTON, DE. 19809 WITHIN
30 DAYS OF RECEIPT.

INSTRUCTIONS

A.   IN ANSWERIN THESE INTERROGATORIES, FURNISH ALL
INFORMATION AVAILABLE TO YOU, INCLUDING INFORMATION IN THE
POSSESSION OF YOUR ATTORNEYS, OR THEIR INVESTIGATORS, AND ALL
PERSONS ACTING ON YOUR BEHALF. RESPONSES SHOULD NOT BE
LIMITED TO YOUR PERSONAL KNOWLEDGE. IF YOU CANNOT ANSWER
ANY INTERROGATORY IIN FULL AFTER EXERCISING DUE DILIGENCE TO
SECURE THE INFORMATION SOUGHT, SO STATE AND ANSWER TO THE

EXTENT POSSIBLE, SPECIFYING THE REASON(S) FOR YOUR INABILITY TO RESPOND TO THE REMAINDER, AND PROVIDING WHATEVER INFORMATION OR KNOWLEDGE THAT YOU HAVE CONCERNING THE PORTIONS NOT ANSWERED.

    B.    PURSUANT TO F.R.C.P. 26(E), THE INTERROGATORIES WHICH FOLLOW ARE TO BE CONSIDERED AS CONTINUING, AND YOU ARE REQUSTED TO PROVIDE, BY WAY OF SUPPLEMENTARY ANSWERS THERETO, SUCH ADDITIONAL INFORMATION AS YOU OR ANY PERSON ACTING ON YOUR BEHALF MAY HEREAFTER OBTAIN WHICH MAY AUGMENT OR OTHERWISE MODIFY THE ANSWERS NOW GIVEN TO THE INTERROGATORIES BELOW.

    C.    EACH INTERROGATORY AND EACH SUBPART OF EACH INTERROGATORY SHALL BE ACCORDED A SEPARATE ANSWER. EACH ANSWER SHALL FIRST SET FORTH VERBATIM THE INTERRORGATORY TO WHICH IT IS RESPONSIVE. INTERROGATORY OR SUBPARTS THEREOF SHALL NOT BE COMBINED FOR THE PURPOSE OF SUPPLYING A COMMON ANSWER THERETO. THE ANSWER TO AN INTERROGATORY OR A SUBPART THEREOF SHALL NOT BE SUPPIED BY REFERRING TO THE ANSWER TO ANOTHER INTERROGATORY OR SUBPART THEREOF, UNLESS THE INTERROGATORY OR SUBPART REFERRED TO SUPPLIES A COMPLETE AND ACCURATE ANSWER TO THE INTERROGATORY OR SUBPART THEREOF BEING ANSWERED.

    D.    WHERE AN OBJECTION IS MADE TO ANY INTERROGATORY OR SUBPART THEREOF, THE OBJECTION SHALL STATE WITH SPECIFICITY ALL GROUNDS. ANY GROUND NOT STATED IN AN OBJECTION WITHIN THE TIME PROVIDED BY THE FEDERAL RULES OF CIVIL PROCEDURE, OR ANY EXTENSIONS THEREOF, SHALL BE WAIVED.

    E.    WHERE A CLAIM OF PRIVILEGE IS ASSERTED IN OBJECTING TO ANY INTERROGATORY, OR SUBPART THEREOF, AND AN ANSWER IS NOT PROVIDED ON THE BASIS OF SUCH ASSERTION, THE ATTORNEY ASSERTING THE PRIVILEGE SHALL IN THE OBJECTION TO THE INTERROGATORY, OR SUBPART THEREOF, IDENTIFY THE NATURE OF THE PRIVILEGE (INCLUDING WORK PRODUCT) THAT IS BEING CLAIMED AND IF THE PRIVILEGE IS BEING ASSERTED IN CONNECTION WITH A CLAIM OR DEFENSE GOVERNED BY STATE LAW, INDICATE THE STATE'S PRIVILEGE RULE BEING INVOKED; AND THE FOLLOWING INFORMATION SHALL BE PROVIDED IN THE OBJECTION, UNLESS DIVULGENCE OF SUCH INFORMATION WOULD CAUSE DISCLOSURE OF THE ALLEGEDLY PRIVILEGED INFORMATION FOR DOCUMENTS: (1) THE TYPE OF DOCUMENT; (2) GENERAL SUBJECT MATTER OF THE DOCUMENT; (3) THE DATE OF THE DOCUMENT; (4) SUCH OTHER INFORMATION AS IS SUFFICIENT TO IDENTIFY THE DOCUMENT FOR A SUBPOENA DUCES TECUM, INCLUDING, WHERE APPPROPRIATE, THE AUTHOR OF THE DOUCMENT, THE ADDRESSEE

OF THE DOCUMENT, AND, WHERE NOT APPARENT, THE RELATIONSHIP OF THE AUTHOR AND ADDRESSEE TO EACH OTHER; FOR ORAL COMMUICATIONS: (A) THE NAME OF THE PESON MAKING THE COMMUNICATION AND THE NAMES OF PERSONS PRESENT WHILE THE COMMUNICATION WAS MADE AND, WHERE NOT APPARENT, THE RELATIONSHIP OF THE PERSONS PRESENT TO THE PERSON MAKNG THE COMMUNICATION; (B) THE DATE AND PLACE OF COMMUNICATION; (C) THE GENERAL SUBJECT MATTER OF THE COMMUNICATION.

     F.        PURSUANT TO F.R.C.P. 26(E), A PARTY IS UNDER A DUTY SEASONABLY TO SUPPLEMENT THEIR RESPONSE WITH RESPECT TO ANY QUESTION DIRECTLY ADDRESSED TO (I) THE IDENTITY AND LOCATION OF PERSONS HAVING KNOWLEDGE OF DISCOVERABLE MATTERS, AND (II) THE IDENTITI OF EACH PERSON EXPECTED TO BE CALLED AS AN EXPERT WITNESS AT TRIAL, THE SUBJECT MATTER ON WHICH HE/SHE IS EXPECTED TO TESTIFY, AND THE SUBSTANCE OF HIS OR HER TESTIMONY.

     G.        A PARTY IS UNDER A DUTY SEASONABLY TO AMEND A PRIOR RESPONSE IF THE DEFENDANT OBTAINS ANY INFORMATION UPON THE BASIS OF WHICH (I) THE DEFENDAT KNOWS THAT THE RESPONSE WAS INCORRECT WHEN MADE, OR (II) THE DEFENDANT KNOWS THAT THE RESPONSE THOUGH CORRECT WHEN MADE IS NO LONGER TRUE AND THE CIRCUMSTANCES ARE SUCH THAT A FAILURE TO AMEND THE RESPONSE IS IN SUBSTANCE A KNOWING CONCEALMENT.

     H.        IDENTIFY EAH PESON WHO ASSITED OR PARTICIPATE IN PREPARING AND/OR SUPPLLYING ANY OF THE INFORMATION GIVEN IN RESPONSE TO OR RELIED UPON IN PREPAPRING ANSWERS TO THESE INTERROGATORIES.


     DEFINITIONS

     A.        THE TERM "PLAINTIFF" SHALL MEAN AND INCLUDE PLAINTIFF JUDY ENDERS/MADEN.

     B.        "DOCUMENT" OR "DOCUMENTS" MEANS THE ORIGINAL AND ANY IDENTICAL OR NON-IDENTICAL COPY, REGARDLESS OF ORIGIN OR LOCATION, OF ANY WRITING OR RECORD OF ANY TYPE OR DESCRIPTION, INCLUDING, BUT NOT LIMITED TO, THE ORIGIN OR LOCATION, OF ANY WRITING OR RECORD OF ANY TYPE OR DESCRIPTION, INCLUDING, BUT NOT LIMITED TO, THE ORIGINAL AND ANY COPY OF ANY BOOK, PAMPHLET, PERIODICAL, LETTER, E-MAIL, MEMORANDUM, TELEGRAM, REPORT, RECORD, STUDY, HANDWRITTEN OR OTHER NOTE, WORKING PAPER, CHART, PAPER, GRAPH, INDEX, TAPE, SURVAILANCE TAPE, DISC, DATA SHEET OR DATE PROCESSING CARD, CORRESPONDENCE, TABLE, ANALYSIS,

SCHEDULE, DIARY, MESSAGE (INCLUDING, BUT NOT LIMITED TO, REPORTS OF TELEPHONE CONVERSATIONS OR CONFERENCES), MAGAZINE, BOOKLET, CIRCULAR, BULLETIN, INSTRUCTION, MINUTES, OTHER COMMUNICATION (INCLUDING INTEROFFICE OR INTRAOFFICE COMMUNICATIONS), PURCHASE ORDER, BILL OF LADING, BID TABULATION, QUESTIONNAIRE, SURVEY, CONTRACT, OPTION TO PURCHASE, MEMORANDUM OF AGREEMENT, ASSIGNMENT, LICENSE, BOOK OF ACCOUNT, ORDER INVOICE, STATEMENT, BILL (INCLUDING, BUT NOT LIMITED TO, TELEPHONE BILLS) CHECK, VOUCHER, NOTEBOOK, FILM, PHOTOGRAPH, POTOGRAPHIC NEGATIVE, PHONORECORD, TAPE RECORDING, WIRE RECORDING, TRANSCRIPT OF RECORDINGS, DRAWING, CATALOGUE, BROCHURE, ANY OTHER DATA COMPILATIONS FROM WHICH INFORMATION CAN BE OBTAINED AND TRANSLATED IF NECESSARY, OR ANY OTHER WRITTEN, RECORDED, TRANSCRIBED, PUNCHED, TAPED, FILED OR GRAPHIC MATTER, HOWEVER PRODUCED OR REPRODUCED, TO WHICH DEFENDANT OR ANY PERSON OR PERSONS ACTING ON BEHALF OF DEENDANT HAS OR HAS HAD ACCESS.

      C.      THE TERM "COMPLAINT" SHALL MEAN THE COMPLAINT AND JURY DEMAND FILED ON BEHALF OF JUDY ENDERS/MADEN IN THE UNITED STATE DISTRICT COURT FOR THE DISTRICT OF DELAWARE, BEARING DOCKET NO. 05-CV-669.

      D.      WHERE A "DATE" IS REQUESTED, IT SHALL MEAN TO PROVIDE THE EXACT DAY, MONTH AND YEAR; IF SUCH INFORMATION CANNOT BE ASCERTAINED, IT SHALL MEAN TO THE BEST APPROXIMATION.

      E.      THE TERM "DEFENDANT" SHALL MEAN AND INCLUDE DEFENDANT SUPERFRESH FOOD MARKETS, INC., ITS SUBSIDIARIES OFFICERS, AGENTS, EMPLOYEES, ATTORNEYS AND REPRESENTATIVES, AND ALL OTHER PERSONS ACTING FOR OR ON BEHALF OF DEFENDANT. , AFFILIATES, DIVSIONS, PRESENT AND FORMER OFFICERS, AGENTS, EMPLOEES, ATTORNEYS AND REPRESENTATIVES, AND ALL OTHER PERSONS ACTING FOR OR ON BEHALF OF SUPERFRESH FOODS.

DOCUMENT REQUEST

1. ALL DOCUMENTS OR TANGIBLE THINGS WHICH REFER OR RELATE IN ANY WAY TO ANY OFFERS OF EMPLOYMENT MADE BY DEFENDANT TO PLAINTIFF.

2. ALL DOCUMENTS OR TANGIBLE THINGS WHICH REFER OR RELATE IN ANY WAY TO THE TERMS AND CONDITIONS OF PLAINTIFF'S EMPLOYMENT WITH DEFENDANT.

3. ALL DOCUMENTS OR TANGIBLE THINGS WHICH REFER OR RELATE IN ANY WAY TO THE EVALUATION, FORMAL OR INFORMAL, OF PLAINTIFF'S WORK AS AN EMPLOYEE OF DEFENDANT.

4. NOTES, MEMORANDA, DIARIES, CALENDARS, LOGS, E-MAIL, RECORDS, TAPE RECORDINGS, ANSWERING MACHINE TAPES, COMPUTER FILES, VIDEOTAPES AND SIMILAR DOCUMENTS WHICH CONTAIN DEFENDANT'S RECORDS, NOTES, DESCRIPTIONS OR THOUGHTS CONCERNING HER WORK ASSIGNMENTS, RESPONSIVILITIES, TRANSFERS, DISCIPLINE, WORK ENVIORMENT, RELATIONSHIP TO HER SUPERIORS, PEERS AND SUBORDINATES AND AN OTHER ASPECT OF HER EMPLOYMENT WITH DEFENDANT.

5. NOTES, MEMORANDA, DIARIES, CALENDARS, LOGS, E-MAILS, RECORDS, TAPE RECORDINGS, ANSWERING MACHINE TAPES, COMPUTER FILES, VIDEOTAPES AND SIMILAR DOCUMENTS WHICH CONTAIN DEFENDANT'S RECORDS, NOTES, DESCRIPTIONS OR THOUGHTS CONCERNING RICH ELLIOTTS WORK ASSIGNMENTS, RESPONSIBILITIES, TRANSFERS, DISCIPLINE, WORK ENVIROMENT, RELATIONSHIP TO HIS SUPERIORS, PEERS AND SUBORDINATES AND ANY OTHER ASPECT OF HIS EMPLOYMENT WITH DEFENDANT.

6. ALL DOCUMENTS OR TANGIBLE THINGS WHICH REFER OR RELATE IN ANY WAY TO THE SEPARATION OF PLAINTIFF'S EMPLOYMENT FROM DEFENDANT.

7. ALL DOCUMENTS CONCERNING DEFENDANT'S REASONS FOR THE TERMINATION OF PLAINTIFF'S EMPLOYMENT FROM DEFENDANT.

8. ALL DOCUMENTS CONCERNING DEFENDANT'S ATTEMPTS TO REPLACE PLAINTIFF'S AS MEAT WRAPPER.

9. ALL DOUCMENTS OR TANGIBLE THINGS WHICH REFER OR RELATE TO THE TERMS AND CONDITIONS OF ANY MEAT WRAPPER HIRED OR TRANSFERED TO THE PHILADELPHIA PIKE, SUPER FRESH STORE, AFTER JANURARY 1ST, 1999.

10. ALL DOCUMENTS OR TANGIBLE THINGS WHICH REFER OR RELATE TO THE TERMS AND CONDITIONS OF ANY JOB HELD BY PLAINTIFF CONTEMPORANEOUS WITH HER EMPLOYMENT WITH DEFENDANT.

11. ALL DOCUMENTS RELATING TO PLAINTIFF'S STATUS AS A FULL TIME OR PART TIME EMPLOYEE, BEGINNING OF PLAINTIFF'S EMPLOYMENT TO PRESENT.

12. ALL PLEADINGS, MOTIONS, SUPPORTING MEMORANDA, CORRESPONDENCE AND OTHER DOCUMENTS ARISING OUT OF OR IN CONNECION WITH COMPLAINTS, CHARGES, PETITIONS OR OTHER LITIGATION WHERE DEFENDANT WAS A PART IN ANY JUDICAL OR ADMINISTRATIVE FORUM.

13. ALL DOCUMENTS CONCERNING TO PLAINTIFF'S DEMOTION TO PART-TIME STATUS.

14. ALL DOCUMENTS NOT PREVIOUSLY REQUESTED THAT CONTAIN OR DESCRIBE DEFENDANT'S POLICIES OR PRACTICES.

15. ALL COMPLAINTS, CHARGES OR WRITTEN SUBMISSIONS FILED BY ANY PRESENT OR FORMAL EMPLOYEE OF DEFENDANT PERTAINING TO ALL LIKE ALLEGATIONS CONTAINED IN THE COMPLAINT.

16. ALL DOCUMENTS, INCLUDING, BUT NOT LIMITED TO, TAPE RECORDINGS AND E-MAILS, CONTAINING, DESCRIBING OR RELEVANT TO COMMUNICATIONS (WHETHER ORAL OR WRITTEN) BETWEEN DEFENDANT AND ANY OFFICER, EMPLOYEE OR AGENT OF DEFENDANT THAT REFER OR RELATE IN ANY WAY TO THE ALLEGATIONS CONTAINED IM THE COMPLAINT.

17. ALL DOCUMENTS NOT PREVIOUSLY REQUESTED CONCERNING PLAINTIFF'S ALLEGATIONS AGAINST DEFENDANT.

18. ALL DOCUMENTS NOT PREVIOUSLY REQUESTED OR PRODUCED ABOVE CONCERNING PLAINTIFF'S EMPLOYMENT WITH DEFENDANT.

19. ALL DOCUMENTS USED OR RELIED UPON BY DEFENDANT IN RESPONDING TO PLAINTIFF'S FIRST SET OF INTERROGATORIES.

INTERROGATORIES

1. STATE WHETHER YOU HAVE EVER TERMINATED, ASKED TO RESIGN, SUSPENDEND OR OTHERWISE DISCIPLINED AT ANY TIME ANY MEAT WRAPPERS AND, IF SO, STATE WITH RESPECT TO INSTANCE OF DISCIPLINE THE IDENITY OF THE EMPLOEE. THE TIME OF DISCIPLINED AND REASON GIVEN FOR THE DISCIPLINE.

2. WITH THE EXCEPTION OF THE COMPAINT IN THIS MATTER, STATE WHETHER DEFENDANT HAS EVER BEEN A PARTY TO ANY JUDICIAL OR ADMINISTRATIVE PROCEEDING, AND, IF SO, IDENTIFY THE NATURE OF SUCH PROCEEDING AND YOUR PARTICIPATION THEREIN, THE DATE FILING AND DOCKET NUMBER OF EACH SUCH PROCEEDING, ATTACHING A COPY OF EACH SUCH CHARGE, PROCEEDING OR COMPLAINT TO YOUR ANSWERS TO THESE INTERROGATORIES AND THE PRESENT STATUS OF EACH SUCH PROCEEDING AND, IF THE SAME AS BEEN DISPOSED OF, THE DISPOSITION THEREOF.

3. IDENTIFY EACH PERSON HAVING ANY KNOWLEDGE RELEVANT TO THE SUBJECT MATTER OF THIS LITIGATION. AS TO EACH SUCH PERSON SO IDENTIFIED, DESCRIBE FULLY HIS OR HER KNOWLEDGE.

4. IDENTIFY ALL STATEMENTS, SUMMARIES, NOTES OR OTHER DOCUMENTS THAT RELATE TO, CONFIRM OR CONTAIN INFORMATIN OR FACTS KNOWN TO, OR BELIEVED TO BE KNOWN TO, EACH PERSON OR WITNESS THAT DEFENDANT BELIEVES HAS KNOWLEDGE THAT SUPPORTS, REBUTS, RELATES OR IS OTHERWISE RELEVANT TO DEFENDANT'S CLAIMS OR THE DEFENSES OF PLAINTIFF'S COMPLAINT IN THIS MATTER

5. IDENTIFY ALL DOCUMENTS PERTAINING TO THIS COMPLAINT THAT DEFENDANT HAS IN THEIR POSSESSION AND –OR GIVEN TO DEFENDANT'S ATTORNEY OR ANY OTHER PERSON OR ENTITY.

6. IDENTIFY ALL STATEMENTS, SUMMARIES, NOTES OR OTHER DOCUMENTS THAT RELATE TO, CONFIRM OR CONTAIN INFORMATION OR FACTS KNOWN TO, OR BELIEVED TO BE KNOWN TO, EACH PERSON OR WITNESS THAT DEFENDANT BELIEVES HAS KNOWLEDGE THAT SUPPORTS, REBUTS, RELATES OR IS OTHERWISE RELEVANT TO DEFENDANT'S CLAIMS OR THE DEFENSE OF PLAINTIFF'S COMPLAINT IN THIS MATTER.

7. IDENTIFY EACH EXPERT WITH WHOM YOU HAVE CONSULTED AND/OR RETAINED FOR PURPOSES OF THIS LAWSUIT FOR ANY PERIOD OF

TIME AND THE SUBJECT MATTER OF EACH SUCH PERSON'S AREA OF EXPERTISE.

8. IF IN RESPONSE TO ANY INTERROGATORY YOU HAVE REFUSED TO DISCLOSE ANY INFORMATION OR THE IDENTITY OF ANY PERSON, DOCUMENT OR ORAL COMMUNICATION BECAUSE OF A CLAIM OF CONFIDENTIALITY OR PRIVILEGE, SET FORTH IN DETAIL THE FACTS AND CIRCUMSTANCES UPON WHICH YOU RELY OTO SUPPORT SUCH CLAIMS.

JUDY ENDERS/MADEN

*Judy Enders/maden*

DATED: 09/09/2006

**PRS TERMINATION FORM** (see leave on back)

Division: 22    ☒ Store 5102
☐ Warehouse
☐ Admin. Dept.

Social Security #: 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    ID #: _____

First Name: Judy
Middle: _____
Last Name: Enders

**Change Date (Effective Date)** (PRS Dept. Use)
Month: __  Day: __  Year: __

**Termination Date**
Month: 03  Day: 05  Year: 2005

Reason Code: 44 (see below)

Rehire Eligible: N
Y = Eligible for Rehire
N = Not Eligible for Rehire

**Last Day Worked**
Month: __  Day: __  Year: __

**Assignment Status** (check applicable box)
☒ Term Assignment
☐ Term with Pay with Benefits
☐ Term with Pay without Benefits
☐ Term without Pay with Benefits

**ENTERED MAR 15 2005**

**Last Standard Process Date** (PRS Dept. Use)
Month: __  Day: __  Year: __

**RECEIVED MAR 11 2005 By __**

**Reason Codes**

| Layoff | Resignation | Retirement | Other Types of Separation |
|---|---|---|---|
| 01 = Position Elimination | 40 = Accept New Job | R = Retirement | 61 = Medical – Non Job Related |
| 02 = FT Layoff with Recall | 42 = Marriage | | 62 = Medical – Job Related (WC) |
| 04 = PT Layoff with Recall | 43 = Dissatisfied with Pay | **Term for Cause** | 70 = Military |
| 06 = Store Closing/Reorganization | 44 = Personal Reasons | 20 = Not Qualified | U = Deceased |
| | 45 = Quit without Notice | 21 = Excessive Absence | |
| | 46 = Relocation | 22 = Unsatisfactory Performance | |
| | 47 = Return to School | 23 = Insubordination | |
| | 48 = Dissatisfied with Working Conditions | 24 = Violation of Company Policy | |
| | 07 = LOA Expiration | 25 = Invalid Associate ID presented | |

Vacation Hours Due: _____ $ _____    Personal Hours Due: _____ $ _____

ENTER EXPLANATION AS NECESSARY: Has been out w/out contact for more than 18 months

I have reviewed this document and have been given the opportunity to note my comments.

APPROVAL
Signature: B. Casper    Date: 3-9-05

APPROVAL
Associate Signature: [signature]    Date: 3-9-05

Term Form 1/03