IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JUDY ENDERS/MADEN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C.A. No. 05-669-JJF |
| ) | |
| SUPER FRESH, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT SUPER FRESH'S MOTION TO COMPEL

Defendant, by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 37, hereby moves for the entry of an Order precluding the husband of *pro se* Plaintiff, Judy Enders-Maden, from taking the depositions of Defendant's witnesses and from appearing at or defending the Plaintiff at her deposition. The grounds for this motion are as follows:

1. Plaintiff filed a Complaint in this action on September 14, 2005 alleging discrimination and harassment based on her gender. (D.I. 2).

2. Defendant filed an Answer on March 3, 2006. (D.I. 9).

3. Pursuant to the Court's Scheduling Order of June 3, 2006, discovery is set to close on November 30, 2006. (D.I. 15). A Mediation before Magistrate Judge Thynge has been scheduled to proceed on October 30, 2006. (D.I. 23).

4. The Parties agreed that Defendant would take Plaintiff's deposition on October 18, 2006. Plaintiff also provided notice to Defendant of her intent to depose two of Defendant's witnesses.

5. Plaintiff's husband, David Maden, advised counsel for Defendant of his intent to act as Plaintiff's counsel by defending Plaintiff at her deposition and by

taking the depositions of Defendant's witnesses. Defendant's counsel believes that Mr. Maden, who is not a member of the bar in this or other State, may not depose a witness nor defend a deponent because to do so would constitute the unauthorized practice of law and, further, because Mr. Maden, as Plaintiff's spouse, is a potential witness in this matter.

6. Mr. Maden advised Defendant's counsel that the Court must assess whether he can "represent" his wife by defending her at her deposition and by taking depositions of other witnesses.

7. Defendant objects to Mr. Maden's intended role in the depositions in this matter as it would constitute an unauthorized practice of law. *See In re Coleman,* 588 A.2d 1142 (Del. 1991) (Court dismissed Writ of Mandamus because it was filed by *pro se* Plaintiff's husband, a non-attorney, and therefore constituted the unauthorized practice of law); *Marshall-Steele v. Nanticoke Mem'l Hosp., Inc.,* C.A. No. 98A-10-001, 1999 Del. Super. LEXIS 137 (Del. Super. June 18, 1999) (in finding that a non-employee, non-attorney could not represent a corporation at an Unemployment Insurance Appeal Board Hearing, the court emphasized that such representation would constitute the unauthorized practice of law); *Del. State Bar Ass'n v. Alexander*, 386 A.2d 652 (Del. 1978) (holding that non-lawyer individuals, who were employed by a corporation and assisted litigants in various legal matters, were engaged in the unauthorized practice of law).

8. Defendant further objects to Mr. Maden's attendance at Plaintiff's deposition because, as Plaintiff's spouse, he is a potential witness and may be deposed.

WHEREFORE, Defendant respectfully requests that the Court enter an Order in the form attached hereto.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Margaret M. DiBianca, Esq.
William W. Bowser, Esquire (Bar I.D. 2239)
Margaret M. DiBianca, Esquire (Bar I.D. 4539)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
Telephone: (302) 571-6601, 571-5008
Facsimile : (302) 576-3282, 576-3476
Email: wbowser@ycst.com; mdibianca@ycst.com

OF COUNSEL:

John P. Barry, Esquire
Proskauer Rose LLP
One Newark Center, 18th Floor
Newark, NJ 07102-5211
Telephone: (973) 274-6031
Facsimile: (973) 274-3299
Email: jbarry@proskauer.com
Admitted Pro Hac Vice

Attorneys for Defendant

Dated: October 6, 2006