IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JUDY ENDERS/MADEN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C.A. No. 05-669-JJF |
| ) | |
| SUPER FRESH, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant responds and objects to Plaintiff's First Notice to Produce Documents (the "Document Requests") as follows:

### General Objections

1. Defendant objects to the Document Requests to the extent they seek information protected from disclosure by the attorney-client, work product and critical self-analysis privileges or other applicable privileges. To the extent such privileged information or documents are produced (and/or identified) by Defendant, such production (and/or identification) is without prejudice to and is not a waiver of any subsequent assertion of privilege by Defendant as to the information produced (and/or identified) or as to other information.

2. Defendant objects to the Document Requests on the grounds that they are vague and ambiguous and subject to several and/or conflicting interpretations. Defendant has tried to interpret the Document Requests reasonably, but it cannot represent that in all cases its interpretation is the same as that intended by Plaintiff.

3. Defendant objects to the Document Requests and the Instructions and Definitions to the extent they exceed the scope of Fed. R. Civ. P. 26 and 34 and applicable Local Civil Rules.

4. Defendant objects to the Document Requests to the extent they call for the production of (i) confidential and/or personal information concerning individuals who are not parties to the above-captioned action and/or (ii) confidential business information. Defendant will only provide confidential information to the extent indicated in their responses below and then only pursuant to a mutually acceptable stipulation and order of confidentiality.

5. Defendant objects to the Document Requests to the extent they call for the production of information concerning events occurring outside the time period of Plaintiff's employment with Defendant.

6. These objections are made part of and expressly incorporated into each of Defendant's responses to individual demands below.

7. Defendant reserves the right to amend and supplement their objections and responses provided therein.

8. By producing documents in response hereto, Defendant is not waiving and expressly reserve the right to object to the admissibility on summary judgment or at trial of any and all documents produced in discovery in this action.

9. The inadvertent or mistaken production of documents subject to the protections of the attorney client privilege, work product doctrine or other privilege shall not constitute a general, inadvertent, implicit subject matter, separate, independent or other waiver of such privilege or protection, and does not put in issue or constitute the affirmative use of the

advice of counsel or of any privileged communications. All such inadvertently produced documents shall be returned to Defendant's counsel along with any copies thereof.

### Responses to Document Production Demands

### Demand No. 1:

All documents or tangible things which refer or relate in any way to any offers of employment made by Defendant to Plaintiff.

**RESPONSE:** To the extent responsive documents exist, see Plaintiff's personnel file, produced as part of Defendant's Initial Disclosures.

### Demand No. 2:

All documents or tangible things which refer or relate in any way to the terms and conditions of Plaintiff's employment with Defendant.

**RESPONSE:** See EEOC file and meat wrapper description. Document Nos. EM 0095-0271, 0405-0410.

### Demand No. 3:

All documents or tangible things which refer or relate in any way to the evaluation, formal or informal, of Plaintiff's work as an employee of defendant.

**RESPONSE:** To the extent responsive documents exist, see EEOC file.

### Demand No. 4:

Notes, memoranda, diaries, calendars, logs, e-mails, records, tape recordings, answering machine tapes, computer files, videotapes and similar documents which contain defendant's records, notes, descriptions or thoughts concerning her work assignments, responsibilities, transfers, discipline, work enviroment, relationship to her superiors, peers and subordinates and any other aspect of her employment with defendant.

**RESPONSE:** Objection. This request is overbroad as to temporal scope and unduly burdensome. Notwithstanding the foregoing objection and without prejudice regarding same, to the extent that responsive documents exist, see EEOC file.

**Demand No. 5:**

Notes, memoranda, diaries, calendars, logs, e-mails, records, tape recordings, answering machine tapes, computer files, videotapes and similar documents which contain defendant's records, notes, descriptions or thoughts concerning Rich Elliotts work assignments, responsibilities, transfers, discipline, work enviroment, relationship to his superiors, peers and subordinates and any other aspect of his employment with Defendant.

**RESPONSE:** Objection. This request is overbroad as to temporal scope and unduly burdensome. Notwithstanding the foregoing objection and without prejudice regarding same, to the extent that responsive documents exist, see EEOC file and Richard Elliot's personnel file, previously produced.

**Demand No. 6:**

All documents or tangible things which refer or relate in any way to the separation of Plaintiff's employment from Defendant.

**RESPONSE:** To the extent that responsive documents exist, see Plaintiff's personnel file and EEOC file.

**Demand No. 7:**

All documents concerning Defendant's reasons for the termination of Plaintiff's employment from Defendant.

**RESPONSE:** See response to Demand No. 6.

**Demand No. 8:**

All documents concerning Defendant's attempts to replace Plaintiff as meat wrapper.

**RESPONSE:** Defendant does not possess documents responsive to this request.

**Demand No. 9:**

All documents or tangible things which refer or relate to the terms and conditions of any meat wrapper hired or transfered to the Philadelphia Pike Super Fresh Store, after Janurary 1, 1999.

**RESPONSE:** See response to Demand No. 2.

**Demand No. 10:**

All documents or tangible things which refer or relate to the terms and conditions of any job held by Plaintiff contemporaneous with her employment with Defendant.

**RESPONSE:** Defendant does not possess documents responsive to this request.

**Demand No. 11:**

All documents relating to Plaintiff's status as a full time or part time employee, from the beginning of Plaintiff's employment to present.

**RESPONSE:** See Plaintiff's personnel file and Collective Bargaining Agreement.

**Demand No. 12:**

All pleadings, motions, supporting memoranda, correspondence and other documents arising out of or in connecion with complaints, charges, petitions or other litigation where defendant was a part in any judical or administrative forum.

**RESPONSE:** See files regarding Tracey Masarelli and Victoria McWilliams. Document Nos. EM 0272-0404. Certain documents have been withheld pursuant to 19 Del. C. §712 (c).

**Demand No. 13:**

All documents concerning plaintiff's demotion to part-time status.

**RESPONSE:** To the extent that responsive documents exist, see Plaintiff's personnel file and EEOC file.

**Demand No. 14:**

All documents not previously requested that contain or describe Defendant's policies or practices.

**RESPONSE:** Objection to this request because the phrase "policies and practices" is not defined. Notwithstanding the foregoing objection and without prejudice regarding same, all responsive documents have been produced.

5

**Demand No. 15:**

All complaints, charges or written submissions filed by any present or former employee of Defendant pertaining to all like allegations contained in the complaint.

**RESPONSE:** See files regarding Tracey Masarelli and Victoria McWilliams. Certain documents have been withheld pursuant to 19 Del. C. §712 (c).

**Demand No. 16:**

All documents, including, but not limited to, tape recordings and e-mails, containing, describing or relevant to communications (whether oral or written) between Defendant and any officer, employee or agent of Defendant that refer or relate in any way to the allegations contained im the complaint.

**RESPONSE:** Objection. This request is overbroad in temporal scope and unduly burdensome. Notwithstanding the foregoing objection and without prejudice regarding same, see all documents produced by Defendant.

**Demand No. 17:**

All documents not previously requested concerning Plaintiff's allegations against Defendant.

**RESPONSE:** All responsive documents have been produced.

**Demand No. 18:**

All documents not previously requested or produced above concerning Plaintiff's employment with Defendant.

**RESPONSE:** All responsive documents have been produced.

**Demand No. 19:**

All documents used or relied upon by Defendant in responding to Plaintiff's first set of interrogatories.

**RESPONSE:** All responsive documents have been produced.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Margaret M. DiBianca, Esq.
William W. Bowser, Esquire (Bar I.D. 2239)
Margaret M. DiBianca, Esquire (Bar I.D. 4539)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
Telephone: (302) 571-6601, 571-5008
Facsimile: (302) 576-3282, 576-3476
Email: wbowser@ycst.com; mdibianca@ycst.com

OF COUNSEL:

John P. Barry, Esquire
Proskauer Rose LLP
One Newark Center, 18th Floor
Newark, NJ 07102-5211
Telephone: (973) 274-6031
Facsimile: (973) 274-3299
Email: jbarry@proskauer.com
Admitted Pro Hac Vice

Attorneys for Defendant

Dated: October 12, 2006