IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JUDY ENDERS/MADEN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C.A. No. 05-669-JJF |
| ) | |
| SUPER FRESH, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S ANSWERS TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES**

Defendant answers Plaintiff's First Set of Interrogatories (the "Interrogatories") as follows:

**General Objections**

The following General Objections apply to and are expressly made part of Defendants' specific answers, set forth below, to each Interrogatory:

1. Defendant generally objects to the Interrogatories, and the definitions and instructions associated therewith, to the extent they purport to impose requirements which exceed those imposed by FRCP 33.

2. Defendant generally objects to the Interrogatories to the extent they call for the disclosure of information and/or the production of documents not otherwise properly subject to discovery under the FRCP.

3. Defendant generally objects to the Interrogatories to the extent that they call for disclosure of information and/or the production of documents that constitute or contain confidential and/or proprietary business information.

4. Defendant generally objects to the Interrogatories to the extent that they call for the disclosure of information and/or the production of documents that constitute or

contain personal or other confidential information about individuals (whether or not parties to this action) and /or violates the privacy rights of third parties.

5. In providing these responses and objections, and in producing information and documents pursuant thereto, Defendant does not in any way waive or intend to waive but intend to preserve and are preserving:

a. all objections as to competency, relevancy, materiality, and admissibility of the Interrogatories (or answers) or the subject matter thereof;

b. all objections as to vagueness, ambiguity, and undue burden;

c. all rights on any ground to the use of any of said documents or answers, or the subject matter thereof, in any subsequent proceeding, including the trial of this or any other action; and

d. all rights to object on any ground to any request for further answers to these or any other requests for documents, interrogatories or other discovery requests involving or related to the subject matter of these requests.

6. Defendant generally objects to the Interrogatories to the extent that they call for the disclosure of information and/or the production of documents protected from disclosure by the attorney-client privilege, work product privilege, self-evaluative privilege, and/or any other applicable privilege, including the privilege governing documents made or prepared in anticipation and/or defense of litigation.

7. The inadvertent or mistaken production of information subject to the protections of the attorney-client privilege, work product doctrine or other privilege shall not constitute a general, inadvertent, implicit subject matter, separate, independent or other waiver of such privilege or protection, and does not put in issue or constitute the affirmative use of the

DB02:5556796.1                    064808.1002

advice of counsel or of any privileged communications or information. All such inadvertently produced information and/or information not used by Plaintiff for any purpose shall be returned to Defendants' counsel along with any copies thereof.

8. Defendant generally objects to the Interrogatories to the extent that they would require Defendant to create any document not in existence at the time of Defendants' responses to Plaintiff's requests or to produce documents which are no longer in existence or which never were in Defendants' possession, custody or control.

9. Defendant reserves the right to supplement their answers to the Interrogatories and to assert additional objections to the extent necessary and/or appropriate.

10. Defendant objects to the Interrogatories on the grounds that they are vague and ambiguous and subject to several and/or conflicting interpretations. Defendant has tried to interpret the Interrogatories reasonably, but they cannot represent that in all cases their interpretation is the same as that intended by Plaintiff.

11. Defendant objects to the Interrogatories to the extent they call for the production of information concerning events occurring outside the time period of Plaintiff's employment with Defendants.

DB02:5556796.1                                                                                        064808.1002

## Answers to Interrogatories

**Interrogatory 1:**

State whether you have ever terminated, asked to resign, suspended or otherwise disciplined at any time any meat wrappers and, if so, state with respect to instance of discipline the identity of the employee, the time of discipline and the reason given for the discipline.

**RESPONSE:** Objection. This Interrogatory is overbroad as to temporal scope, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence given that Plaintiff abandoned her job.

**Interrogatory 2:**

With the exception of the complaint in this matter, state whether Defendant has ever been a party to any judicial or administrative proceeding, and, if so, identify the nature of such proceeding and your participation therein, the date filing and docket number of each such proceeding, attaching a copy of each such charge, proceeding or complaint to your answers to these interrogatories and the present status of each such proceeding and, if the same as been disposed of, the disposition thereof.

**RESPONSE:** Objection. This Interrogatory is overbroad as to temporal scope. Notwithstanding the foregoing objection, and without prejudice regarding same, yes, see Document Nos. EM 0272-0404, regarding Tracey Maserelli and Victoria McWilliams.

**Interrogatory 3:**

Identify each person having any knowledge relevant to the subject matter of this litigation. As to each such person so identified, describe fully his or her knowledge.

**RESPONSE:**

| | | |
|---|---|---|
| i.. | Judy Enders-Maden: | Ms. Enders-Maden is likely to have information concerning the allegations in the Complaint and Defendant's defenses thereto. |
| ii. | Richard Elliott: | Mr. Elliott is likely to have knowledge pertaining to the Plaintiff's position(s), job duties, and Plaintiff's allegations of harassment and gender discrimination. |

4

| | | |
|---|---|---|
| iii. | John Colantuono: | Mr. Colantuono is likely to have knowledge pertaining to Plaintiff's and position(s) and job duties, Plaintiff's allegations of harassment and gender discrimination, and the circumstances surrounding the separation of Plaintiff's employment. |
| iv. | Derek Kinney: | Mr. Kinney is likely to have knowledge pertaining to both Plaintiff's position(s) and job duties, Plaintiff's allegations of harassment and gender discrimination, and the circumstances surrounding the separation of Plaintiff's employment. |
| v. | Diane Martin: | Ms. Martin is likely to have knowledge pertaining to Plaintiff's allegations of harassment and gender discrimination. |
| vi. | Cheryl Dawson | Ms. Dawson is likely to have knowledge pertaining to Plaintiff's allegations of harassment and gender discrimination. |
| vii. | Richard Hoffman | Mr. Hoffman is likely to have knowledge pertaining to Plaintiff's allegations of harassment and gender discrimination. |
| viii. | Joseph McFarland | Mr. McFarland is likely to have knowledge pertaining to Plaintiff's allegations of harassment and gender discrimination. |
| ix. | Joseph Steck | Mr. Steck is likely to have knowledge pertaining to Plaintiff's allegations of harassment and gender discrimination. |
| x. | David Maden | Mr. Maden is likely to have knowledge pertaining to the circumstances surrounding the separation of Plaintiff's employment. |

**Interrogatory 4:**

Identify all statements, summaries, notes or other documents that relate to, confirm or contain information or facts known to, or believed to be known to, each person or witness that Defendant believes has knowledge that supports, rebuts, relates or is otherwise relevant to Defendant's claims or the defenses of Plaintiff's complaint in this matter

**RESPONSE:** See EEOC file, Document Nos. EM 0095-0271.

5

**Interrogatory 5:**

Identify all documents pertaining to this complaint that Defendant has in their possession and/or given to Defendant's attorney or any other person or entity.

**RESPONSE**: Object to the extent of the attorney client and work product privilege. See all documents produced by Defendant.

**Interrogatory 6:**

Identify all statements, summaries, notes or other documents that relate to, confirm or contain information or facts known to, or believed to be known to, each person or witness that Defendant believes has knowledge that supports, rebuts, relates or is otherwise relevant to Defendant's claims or the defense of Plaintiff's complaint in this matter.

**RESPONSE:** See response Interrogatory No. 4.

**Interrogatory 7:**

Identify each expert with whom you have consulted and/or retained for purposes of this lawsuit for any period of time and the subject matter of each such person's area of expertise.

**RESPONSE:** None.

**Interrogatory 8:**

If in response to any interrogatory you have refused to disclose any information or the identity of any person, document or oral communication because of a claim of confidentiality or privilege, set forth in detail the facts and circumstances upon which you rely to support such claims.

**RESPONSE:** None.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Margaret M. DiBianca, Esq.
William W. Bowser, Esquire (Bar I.D. 2239)
Margaret M. DiBianca, Esquire (Bar I.D. 4539)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
Telephone: (302) 571-6601, 571-5008
Facsimile : (302) 576-3282, 576-3476
Email: wbowser@ycst.com; mdibianca@ycst.com


OF COUNSEL:

John P. Barry, Esquire
Proskauer Rose LLP
One Newark Center, 18th Floor
Newark, NJ  07102-5211
Telephone: (973) 274-6031
Facsimile: (973) 274-3299
Email: jbarry@proskauer.com
Admitted Pro Hac Vice

Attorneys for Defendant


Dated:  October 12, 2006