```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF DELAWARE
```

JUDY ENDERS/MADEN,                :
                                  :
         Plaintiff,                :
                                  :
    v.                            : Civil Action No. 05-669-JJF
                                  :
SUPER FRESH,                      :
                                  :
         Defendant.                :

### MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion For Appointment Of Counsel (D.I. 33). For the reasons discussed, the Motion will be denied.

### I. BACKGROUND

On September 14, 2005, Plaintiff filed this gender discrimination action pursuant to Title VII of the Civil Rights Act of 1964. Plaintiff alleges that the discrimination occurred from December, 2002, through August, 2003 while employed by Defendant. Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") and, on June 27, 2005, the EEOC mailed Plaintiff a notice of dismissal and right to sue letter. On September 22, 2005, the Court granted Plaintiff's Motion To Proceed In Forma Pauperis (D.I. 3). On November 8, 2006, Plaintiff filed this Motion For Appointment Of Counsel.

### II. DISCUSSION

By her Motion, Plaintiff contends that she is unable to pay for legal representation and uncomfortable representing herself. Defendant did not file a response.

Under Title VII of the Civil Rights Act, upon motion by the complainant, a court may appoint counsel for a complainant if it deems appointment just. 42 U.S.C. § 2000e-5(f)(1). The Third Circuit developed a list of criteria to aid district courts in weighing whether to request an attorney to represent an indigent civil litigant. Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). As a threshold matter, the Court must assess whether the claimant's case has some arguable merit in fact and law. Id. at 155. If a claimant overcomes this initial hurdle, the Court may then consider the following non-exhaustive list of factors:

1. the plaintiff's ability to present his or her own case;
2. the difficulty of the particular legal issues;
3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
4. the plaintiff's capacity to retain counsel on his or her own behalf;
5. the extent to which a case is likely to turn on credibility determinations; and
6. whether the case will require testimony from expert witnesses.

Id. at 155-57. Additional factors to consider with respect to a Title VII case are the efforts taken by a plaintiff to obtain

2

counsel and the plaintiff's financial ability to retain counsel. See Hicks v. ABT Associates, Inc., 572 F.2d 960, 969 (3d. Cir. 1978); Caston v. Sears, Roebuck & Co., 556 F.2d 1305, 1309 (5th. Cir. 1977).

Keeping in mind the practical considerations cited above and exercising the broad discretion offered the Court, the Court concludes that the appointment of counsel is not warranted at this time. Specifically, the Court concludes that Plaintiff has not met the threshold issue; she has not demonstrated that her discrimination claim has some arguable merit in fact and law. The EEOC issued a "Dismissal and Notice of Rights" letter to Plaintiff stating that, "[b]ased upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes." (D.I. 1). Additionally, Plaintiff has demonstrated some knowledge of the legal system and ability to present her own case by making several filings and discovery requests. Further, Plaintiff has not indicated that she has made efforts to obtain counsel or that she sought assistance from organizations that frequently offer assistance to pro se indigent litigants with meritorious claims. Because Plaintiff is not confined, her access to legal resources and attorney contacts is not restricted. Accordingly, the Court will deny Plaintiff's Motion For Appointment Of Counsel.

**ORDER**

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion For Appointment Of Counsel (D.I. 33) is **DENIED**.

November 17, 2006

_____
UNITED STATES DISTRICT JUDGE