IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JUDY ENDERS/MADEN,          :
                            :
        Plaintiff,          :
                            :
    v.                      :    Civil Action No. 05-669-JJF
                            :
SUPER FRESH,                :
                            :
        Defendant.          :

### MEMORANDUM ORDER

Pending before the Court is Plaintiff's second Motion For Reconsideration (D.I. 41) of the Court's Order denying Plaintiff's Motion To Appoint Counsel (D.I. 36). For the reasons discussed, the Motion will be denied.

I.   BACKGROUND

On November 17, 2006, the Court issued a Memorandum and Order denying Plaintiff's Motion To Appoint Counsel (D.I. 36). On November 28, 2006, Plaintiff filed her first Motion For Reconsideration of the Court's decision (D.I. 38). On December 27, 2006, the Court denied the Motion For Reconsideration (D.I. 39). On January 8, 2007, Plaintiff filed the instant Motion(D.I. 41). By her Motion, Plaintiff contends that information contained in a sealed attachment to the Motion demonstrates an error of law or fact, newly discovered evidence, or manifest injustice sufficient to allow reconsideration.

II.  DISCUSSION

Motions for reconsideration "ought to be granted only sparingly." Karr v. Castle, 768 F.Supp. 1087, 1090 (D. Del. 1991). The purpose of granting a motion for reconsideration is

to correct manifest errors of law or fact, present newly discovered evidence, or to prevent manifest injustice. <u>Harsco Corp. v. Zlotnicky</u>, 176 F.3d 669, 677 (3d Cir. 1999); <u>North River Ins. Co. v. CIGNA Reins.</u>, 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration should not be granted merely to allow the repetition of arguments already presented to the court. <u>Karr</u>, 768 F. Supp. at 1093.

Upon review of the information presented by Plaintiff in the sealed attachment to the instant Motion, the Court concludes that Plaintiff has not adduced evidence that would warrant reconsideration of its decision to deny appointment of counsel. The information provided by Plaintiff is relevant to her financial situation and physical and mental well-being. This information was already considered by the Court in determining whether to recommend Plaintiff for appointment of counsel. To the extent Plaintiff presents new or additional information, the evidence would not reasonably have altered the original result. <u>see</u> <u>Id</u>. Thus, the Court concludes that, in the circumstances here, reconsideration is not necessary to correct an error of law or fact, consider newly discovered evidence, or prevent manifest injustice. Accordingly, the Court will deny the Motion.

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff's second Motion For Reconsideration (D.I. 41) is **DENIED**.

April 5, 2007

*[signature]*
UNITED STATES DISTRICT JUDGE

2